UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MAYERS ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| NATIONAL ASSET RECOVERY ) | |
| SERVICES, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Jessica Mayers, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jessica Mayers, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III.   PARTIES

4. Plaintiff, Jessica Mayers ("Plaintiff") is an adult natural person residing at 5360 Broadway Apt 2F, Bronx, NY 10451. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Asset Recovery Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of New York and Georgia with its principal place of business located at 5901 C Peachtree Dunwoody Rd., Ste. 550, Atlanta, GA 30328 and a registered office located at 2704 Commerce Street, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. On or around May 18, 2009, Plaintiff retained the services of the law firm Persels & Associates, LLC to aid her in the settlement of her unsecured debt.

8. At that time, Persels sent notice to all of Plaintiff's creditors, informing them that they were representing the Plaintiff and to direct all collection matters directly to their firm.

9. Several months later, Plaintiff's car was repossessed.

10.     This was a result of the Plaintiff's inability to pay toward her car loan with American Honda Finance Corporation.

11.     On or around April 5, 2010, Plaintiff received a call from Defendant collecting on the deficiency in the resale of her vehicle.

12.     Plaintiff was told that she owed the lump sum balance of $16,456.22.

13.     During that initial call, Plaintiff informed the Defendant that she was engaged in the services of Persels & Associates, and that they should deal with them directly in the collection of this matter.

14.     Defendant stated that they would not work with Persels and that they would continue to call the Plaintiff on this account.

15.     On or around that same day, April 5, 2010, Persels faxed a "cease and desist" letter to the Defendant reminding them again that they were representing the Plaintiff in debt settlement.  **See Exhibit "A" (letter) attached hereto.**

16.     The next day, April 6, 2010, Plaintiff received another call from Defendant on this account.

17.     Defendant insisted that they did not receive the "cease and desist" that Persels had faxed over the day before.

18.     Persels sent a second "cease and desist" over on April 6, 2010.  **See Exhibit "B" (letter) attached hereto.**

19.     Plaintiff continued to receive calls.

20. On or about April 13, 2010, Persels & Associates sent a third "cease and desist" letter to the Defendant. **See Exhibit "C" (letter) attached hereto.**

21. Plaintiff continued to receive several calls each week.

22. During the month of May, 2010, Plaintiff started to receive calls to her place of employment still looking for payment on the above mentioned debt.

23. As of the filing of this complaint, Plaintiff was still receiving automated calls to her home phone regarding this debt.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(2)   After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§§ 1692c(a)(3):  At place of employment when knows that the employer prohibits such communication

| | | |
|---|---|---|
| | §§ 1692c(c) | After written notification that consumer refuses to pay, or that consumer wants collector to cease communication |
| | §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| | §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Asset Recovery Services, Inc. and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

V.     **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**
**WARREN & VULLINGS, LLP**

**Date:  June 23, 2010**               BY: /s/ **Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff